ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ (229637)
Assistant United States Attorney
  Room 7211, Federal Building
  300 N. Los Angeles Street
  Los Angeles, California  90012
  Telephone:  (213) 894-2729
  Facsimile:  (213) 894-0115
  E-mail: valerie.makarewicz@usdoj.gov

Attorneys for the United States of America,
Petitioner

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

**CV12- 06809** SVW (FFMx)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Petitioner,<br><br>     v.<br><br>BRIGITTE L. LA MONTE,<br><br>          Respondent. | Case No. <br><br>PETITION TO ENFORCE<br>INTERNAL REVENUE SERVICE<br>SUMMONS; MEMORANDUM OF POINTS<br>AND AUTHORITIES; AND<br>DECLARATIONS IN SUPPORT<br>THEREOF; EXHIBITS (SANITIZED<br>FOR PERSONAL INFORMATION) |

## PETITION

Petitioner states:

1.   This proceeding to judicially enforce an Internal Revenue Service administrative summons is brought pursuant to §§ 7402(b) and 7604(a) of the Internal Revenue Code, 26 U.S.C. The IRS has properly served Respondent with a summons, and Respondent has failed to produce the requested documents and to appear and give testimony.

2.   Respondent resides or conducts business or both in the federal judicial district of the Central District of California.

3.   The Internal Revenue Service is, and at all relevant times was, conducting an investigation and examination into the income tax liability for the taxpayer and years described on the summons.  A true and correct copy of the summons is attached as Exhibit 1 to the attached Declarations of Revenue Agent Fontini Geier (R.A. Geier) and Revenue Agent George O. Krickl, III (R.A. Krickl).

4.   In connection with this investigation, the summons was issued and served in accordance with law on Respondent in the manner described in the Certificate of Service by R.A. Krickl. A true and correct copy of the Certificate of Service is attached as Exhibit 2 to the attached Declarations of R.A. Geier and R.A. Krickl.

5.   Respondent has failed to give testimony and to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

6.   The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

7.   All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

8.   The testimony and the books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.

9.   No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice.  In addition, no Department of Justice referral, as

1 | described in 26 U.S.C. § 7602(d), is in effect with respect to
2 | the taxpayer.

3 | **WHEREFORE**, Petitioner requests the Court to enforce the IRS
4 | administrative summons as follows:

5 | A.    Respondent be ordered to appear and show cause before
6 | this Court why Respondent should not be compelled to give
7 | testimony and to produce the books, records, papers, and other
8 | data as specified in the summons;

9 | B.    That Respondent be ordered by this Court to appear
10 | before an authorized representative of the IRS at a time and
11 | place to be determined by the IRS and to give testimony and to
12 | produce the books, records, papers, and other data as specified
13 | in the summons; and

14 | C.    That the Court grant the Petitioner its costs in this
15 | proceeding and such other and further relief as may be just and
16 | proper.

17 | Respectfully submitted,

18 | ANDRÉ BIROTTE JR.
United States Attorney
19 | SANDRA R. BROWN
Assistant United States Attorney
20 | Chief, Tax Division

21 | DATED: 8|7|12
22 | VALERIE L. MAKAREWICZ
Assistant United States Attorney

23 |
24 | Attorneys for the United States
of America, Petitioner

1          <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2          Section 7602(a) of the Internal Revenue Code, 26 U.S.C.,

3    grants the Internal Revenue Service the power to summon books,

4    papers, records, or other data and to take the testimony of any

5    person for the purpose of ascertaining the correctness of a tax

6    return, to determine a taxpayer's tax liability, and to collect a

7    taxpayer's tax liability as follows:

8               For the purpose of ascertaining the correctness of

9          any return, making a return where none has been made,

10         determining the liability of any person for any

11         internal revenue tax or the liability at law or in

12         equity of any transferee or fiduciary of any person in

13         respect of any internal revenue tax, or collecting any

14         such liability, the Secretary is authorized --

15              (1)  To examine any books, papers, records, or

16         other data which may be relevant or material to such

17         inquiry;

18              (2)  To summon the person liable for tax or

19         required to perform the act, or any officer or employee

20         of such person, or any person having possession,

21         custody, or care of books of account containing entries

22         relating to the business of the person liable for tax

23         or required to perform the act, or any other person the

24         Secretary may deem proper, to appear before the

25         Secretary at a time and place named in the summons and

26         to produce such books, papers, records, or other data,

27         and to give such testimony, under oath, as may be

28         relevant or material to such inquiry; and

                                   4

1       (3)  To take such testimony of the person

2          concerned, under oath, as may be relevant or material

3          to such inquiry.

4  See also Crystal v. United States, 172 F.3d 1141, 1143-44

5  (9th Cir. 1999).

6       Internal Revenue Code Sections 7402(b) and 7604 grant

7  authority to United States district courts to issue orders

8  compelling, through their powers of contempt, compliance with the

9  IRS summonses.  See also United States v. Gilleran, 992 F.2d 232,

10 233 (9th Cir. 1993).  An IRS summons is issued administratively,

11 "but its enforcement is only by federal court authority in 'an

12 adversary proceeding' affording the opportunity for challenge and

13 'complete protection to the witness.'"  United States v.

14 Church of Scientology of California, 520 F.2d 818, 821 (9th Cir.

15 1975) (quoting Donaldson v. United States, 400 U.S. 517, 525,

16 91 S. Ct. 534, 539, 27 L. Ed. 2d 459 (1971)).

17      Because the enforcement of an IRS summons invokes the

18 process of the court, the court will not enforce a summons if it

19 would constitute an abuse of process.  United States v. Powell,

20 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d 112 (1964).

21 Such an abuse would occur if the summons was issued for an

22 improper purpose, such as, for example, to harass the taxpayer.

23 Id., 379 U.S. at 58; United States v. Stuart, 489 U.S. 353, 360,

24 109 S. Ct. 1183, 1188, 103 L. Ed. 2d 388 (1989).  Accordingly, to

25 obtain enforcement of an IRS summons, the government is required

26 to make a prima facie case for enforcement of the summons.

27 Crystal, 172 F.3d at 1143-44; Gilleran, 992 F.2d at 233.

28      In order to establish a prima facie case for enforcement of

5

1  an IRS summons, the government need only make a "minimal" showing

2  that (1) the investigation will be conducted pursuant to a

3  legitimate purpose; (2) the inquiry may be relevant to the

4  purpose; (3) the information sought is not already within the

5  IRS's possession; and (4) that the administrative steps required

6  by the Internal Revenue Code have been followed.  Crystal,

7  172 F.3d at 1143-44, citing Powell, 379 U.S. at 57-58.  The

8  government's "burden is minimal 'because the statute must be read

9  broadly in order to ensure that the enforcement powers of the IRS

10  are not unduly restricted.'"  Crystal, 172 F.3d at 1144 (quoting

11  Liberty Financial Services v. United States, 778 F.2d 1390, 1392

12  (9th Cir. 1985)).  Once the Government has made its *prima facie*

13  case, the summoned party bears the "heavy" burden to "disprove

14  the actual existence of a valid civil tax determination or

15  collection purpose by the Service[.]" Crystal, 172 F.3d at 1144.

16    Normally, the government makes the "good faith" showing of

17  materiality and relevancy required by Powell in the petition to

18  enforce the summons and the accompanying declaration of the

19  issuing IRS agent.  See Crystal, 172 F.3d at 1144 (quoting United

20  States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).

21    As to the required showing of relevance, the Supreme Court

22  stated in United States v. Arthur Young & Co., 465 U.S. 805, 814,

23  104 S. Ct. 1495, 1501, 79 L. Ed. 2d 826 (1984):

24      As the language of § 7602 clearly indicates an IRS

25      summons is not to be judged by the relevance standards

26      used in deciding whether to admit evidence in federal

27      court.  *Cf*. Fed. Rule Evid. 401.  The language "may be"

28      reflects Congress' express intention to allow the IRS

to obtain items of even <u>potential</u> relevance to an
ongoing investigation without reference to its
admissibility.  The purpose of Congress is obvious:
the Service can hardly be expected to know whether such
data will in fact be relevant until it is procured and
scrutinized.  As a tool of discovery, the § 7602
summons is critical to the investigation and
enforcement functions of the IRS, <u>see</u> <u>United States v.</u>
<u>Powell</u>, 379 U.S. 48, 57 (1964); the Service therefore
should not be required to establish that the documents
it seeks are actually relevant in any technical,
evidentiary sense.

(emphasis in original).

"Once the Government has established its *prima facie* case,
the district court issues an order requiring the party on whom
the summons has been served to show cause, at an enforcement
hearing, why compliance with the summons should not be required."
<u>United States v. Samuels, Kramer and Co.</u>, 712 F.2d 1342, 1345
(9th Cir. 1983).  The burden of proof is shifted to the person
challenging the summons to "refute the Government's <u>Powell</u>
showing of good faith to oppose successfully the enforcement of
an IRS summons."  <u>Id.</u> at 1346; <u>see also</u> <u>Crystal</u>, 172 F.3d at
1144.  "The taxpayer may challenge and attempt to rebut the *prima*
*facie* case of good faith the government has established or
attempt to show that enforcement of the summons would otherwise
constitute an abuse of process."  <u>Gilleran</u>, 992 F.2d at 233;
<u>see</u> <u>also</u> <u>Crystal</u>, 172 F.2d at 1144.  "The taxpayer, however,
carries a heavy burden of convincing the district court to deny

1 enforcement." <u>Stuckey</u>, 646 F.2d at 1372; <u>accord Crystal</u>,

2 172 F.3d at 1144.

3     "'[S]ummons enforcement proceedings should be summary in

4 nature and discovery should be limited.'" <u>Derr</u>, 968 F.2d at 945,

5 quoting <u>Stuart</u>, 489 U.S. at 369, quoting S. Rep. No. 97-494, 97th

6 Cong. 2d Sess., vol. 1, 285 (1982); <u>see also</u>, <u>Church of</u>

7 <u>Scientology</u>, 520 F.2d at 821.[1/] "'The taxpayer must allege

8 specific facts and evidence to support his allegations' of bad

9 faith or improper purpose." <u>Crystal</u>, 172 F.3d at 1144 (quoting

10 <u>United States v. Jose</u>, 131 F.3d 1325, 1328 (9th Cir. 1997)) and

11 <u>Liberty Financial Services</u>, 778 F.2d at 1392.  A party opposing

12 the summons must be able to come forward with at least "a minimal

13 amount of evidence just to entitle him or her to an evidentiary

14 hearing." <u>Stuckey</u>, 646 F.2d at 1372. In this Circuit, the Court

15 may allow limited discovery "only if the taxpayer can make a

16 substantial preliminary showing of abuse or wrongdoing."

17 <u>Stuckey</u>, 626 F.2d at 1374.

18     In <u>Donaldson</u>, 400 U.S. at 528-29, the Supreme Court noted

19 _____

20 [1/]   The Fifth Circuit has discussed the procedure to be followed in summons enforcement proceedings:

21       To ascertain whether there is any basis for questioning the summons, the traditional show cause

22 order is an effective and appropriate procedural tool. Indeed, it harmonizes procedure with the substantive

23 principle that puts the burden on the summoned party "of showing an abuse of the court's process." <u>Powell</u>,

24 (note 17, <u>supra</u>).  In no way does its use extinguish the adversary proceeding which the decisions call for.

25 Rather it is a principal means by which the enforcing Court can determine whether there is anything to "hear"

26 and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in

27 controversy.

28 <u>United States v. Newman</u>, 441 F.2d 165, 169 (5th Cir. 1971).

1   that Rule 81(a)(3) of the of the Federal Rules of Civil Procedure

2   allows the Court to limit the application of the federal rules in

3   summons enforcement proceedings.  In keeping with the summary

4   nature of these proceedings, the show cause order is an

5   appropriate tool to place the burden of proof on the summoned

6   party after the government's *prima facie* case has been made.

7        If no substantial challenge to the validity of the summons

8   is made in a sworn affidavit or declaration alleging specific

9   facts, the matter should be decided on the pleadings before the

10  district court with no further proceedings, the summons should be

11  enforced, and the IRS should be allowed to obtain the summoned

12  testimony, books, papers, records, and other data.  <u>See, e.g</u>,.

13  <u>Liberty Financial Services</u>, 778 F.2d at 1392-93 (IRS affidavit

14  was not controverted).

15       "Enforcement of a summons is generally a summary proceeding

16  to which a taxpayer has few defenses."  <u>Derr</u>, 968 F.2d at 945;

17  <u>accord</u> <u>Crystal</u>, 172 F.3d at 1144.  "[T]he sole purpose of the

18  enforcement proceeding is to ensure that the IRS has issued the

19  summons for proper purpose and in good faith, and ... the

20  district court is strictly limited to enforcing or denying IRS

21  summonses."  <u>Jose</u>, 131 F.3d at 1328-29.

### Conclusion

23       Accordingly, the filing of the petition to enforce IRS

24  summons and the declaration of the issuing IRS agent establish

25  the government's *prima facie* case for enforcement of the summons.

26  As attested to in the declaration of the IRS agent who issued the

27  summons, the IRS is conducting an investigation to determine the

28  tax liabilities of the taxpayer, collect those liabilities, or

1  both, for the tax periods identified in the summons; the

2  information sought by the summons may be relevant to that

3  purpose; the IRS does not already have possession of the

4  information sought; and the administrative steps required by the

5  Internal Revenue Code for issuance and service of the summons

6  were followed.  The Court should now issue an order directing

7  Respondent to show cause why the IRS summons should not be

8  enforced.

9      If Respondent fails to respond to or rebut the government's

10 *prima facie* case for enforcement, then the Court should later issue

11 an order enforcing the IRS summons and compelling Respondent to

12 appear before an authorized representative of the IRS at a time and

13 place to be determined by the IRS, and give testimony and produce

14 the books, records, papers, and other data for examination and

15 copying as required by the Internal Revenue Service summons.

16

17                    Respectfully submitted,

18                    ANDRÉ BIROTTE JR.
                       United States Attorney
19                    SANDRA R. BROWN
                       Assistant United States Attorney
20                    Chief, Tax Division

21

22 DATED: 8/7/12

23                    VALERIE L. MAKAREWICZ
                       Assistant United States Attorney

24                    Attorneys for the United States
                       of America, Petitioner

25

26

27

28

                              10

## DECLARATION IN SUPPORT OF PETITION TO ENFORCE
## INTERNAL REVENUE SERVICE SUMMONS

I, Fotini Geier, pursuant to 28 U.S.C. § 1746(2), declare as follows:

    1.    My name as used and signed in this Declaration is not a pseudonym.

    2.    I am over eighteen years of age, and I am not a party to the government's federal court case to enforce the subject summons.

    3.    I am employed as a Revenue Agent of the Internal Revenue Service ("IRS" and "Service"), with a post of duty in Los Angeles, California. I am authorized to issue IRS summonses under the authority of § 7602 of Title 26 of the United States Code ("U.S.C.") the Internal Revenue Code ("IRC" and "the Code"). *See* Treas. Reg., § 301.7602-1 (26 C.F.R.); *see also* IRS Delegation Order No. 4 (as revised).

    4.    As a Revenue Agent, my duties include the examination and investigation of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayer's correct tax liability, and in cases where the required returns are not filed, I also assist the IRS in investigating whether such returns should have been filed and determining the taxpayer's correct tax liability.

    5.    In my capacity as a Revenue Agent, I am conducting an investigation into the federal tax liability of Brigitte L. La Monte (the "taxpayer") for the taxable periods ended December 31, 2006, December 31 2007, and December 31, 2008 (also known as the tax years 2006, 2007 and 2008), which federal tax liabilities are hereinafter collectively referred to as "the tax periods at issue."

6.     The purpose of the investigation is the determination of the correct federal tax liability of the taxpayer, and a determination of whether there are other parties who are liable for federal taxes on whose behalf the taxpayer received income.

7.     As of the date of this declaration, I have not made any of the final determinations referred to in the immediately preceding paragraph.

8.     On April 2, 2012, in furtherance of the above-referenced investigation and in accordance with 26 U.S.C. § 7602, an administrative summons, IRS Form 6637, was issued to Brigitte L. La Monte ("summoned party" and "Respondent") by Revenue Agent George P. Krickl, III.  This summons was issued for Ms. La Monte to appear on April 16, 2012, before the IRS to give testimony as described in the IRS summons.  A true and correct copy of the summons is attached hereto as **Exhibit 1,** redacted to exclude Personal Identifiers.

9.     On April 2, 2012, in accordance with 26 U.S.C. § 7603, the summons was served by Revenue Agent George P. Krickl, III by leaving a duplicate original copy of the summons, which contained the attestation required by 26 U.S.C. § 7603, at the last and usual place of abode of Brigitte L. La Monte, the person to whom it was directed.  Revenue Agent Krickl left the copy of the summons in a sealed envelope addressed to the summoned party, taped to the front door.  A true and correct copy of the certificate of service with respect to the summons is attached hereto as **Exhibit 2**, redacted to exclude Personal Identifiers.

10. On April 16, 2012, the summoned party failed to appear before the IRS in response to the summons and instead sent a process server to serve the IRS with a set of documents from the summoned party.  The documents produced include a letter from Ms. La Monte explaining why she believes she is not subject to a summons and website printouts of

various federal statutes with handwritten notes from Ms. La Monte.  The summoned party has not produced the documents, records, and other information described in the summons.  The summoned party has not otherwise provided the summoned information.

11.    On April 26, 2012, IRS Counsel Attorney Priscilla A. Parrett sent, via regular and certified mail, the summoned party a "last-chance" letter indicating that unless the summoned party provided the testimony as described in the summons by June 6, 2012, legal proceedings would be brought against the summoned party in the United States District Court for not complying with the summons.  The letter is attached hereto as **Exhibit 3**, redacted to exclude Personal Identifiers.  The copy of the letter sent via certified mail was returned to IRS Counsel Priscilla A. Parrett on May 23, 2012 stamped "UNCLAIMED UNABLE TO FORWARD" by the postal service.

12.  On June 6, 2012, the summoned party failed to appear before the IRS and provide the information requested in the summons.

13.    As of the date of this declaration, the summoned party has not given the testimony sought by the IRS summons.

14.    The testimony sought by the IRS summons is not already in the possession of the IRS.

15.    All administrative steps required by the IRC in connection with the issuance and service of the IRS summons have been taken.

16.    The testimony demanded by the IRS summons are necessary to determine the taxpayer's tax liability for the tax periods at issue.

17.    No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice.  In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(c), is in effect with respect to the taxpayer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _7/5/2012_   _____

           Fotini Geier
           Revenue Agent
           Internal Revenue Service

# Summons

In the matter of  tax liabilities of Brigitte L La Monte

Internal Revenue Service (Division):  Small Business / Self-employed Division

Industry/Area (name or number):  California Area 7, Los Angeles Territory 1

Periods: December 31, 2006, December 31, 2007 and December 31, 2008

## The Commissioner of Internal Revenue

To:  Brigitte L La Monte

At:  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

You are hereby summoned and required to appear before   Revenue Agent Fotini Geier or Designated Revenue Agent
an officer of the Internal Revenue Service. To give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability. Or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws concerning the person identified above for the periods shown.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

556 S Paseo Dorotea Suite 1 Palm Springs California 92264

**Place and time for appearance at**  556 S Paseo Dorotea Suite 1 Palm Springs California 92264

# IRS

on the ___16th___ day of ___April___   at ___10:30___ o'clock ___a.___ m.

Issued under authority of the Internal Revenue Code this ___2nd___ day of ___April___ ___2012___
                                                                                                    (year)                              (year)

Department of the Treasury
Internal Revenue Service

www.irs.gov

_(signature)_   Signature of issuing officer          Internal Revenue Agent
                                                                                            Title

Form 2039 (Rev. 05-2001)   _(signature)_ Signature of approving officer (if applicable)   Group Manager –
Catalog Number 21405J                                                                                        Title

**Original — to be kept by IRS**

Geier Exhibit 1

# Summons

| | |
|---|---|
| In the matter of | tax liabilities of Brigitte L La Monte |
| Internal Revenue Service (Division): | Small Business / Self-employed Division |
| Industry/Area (name or number): | California Area 7, Los Angeles Territory 1 |
| Periods: | December 31, 2006, December 31, 2007 and December 31, 2008 |

## The Commissioner of Internal Revenue

To: Brigitte L La Monte

At: ~~███████████████████~~

You are hereby summoned and required to appear before _Revenue Agent Fotini Geier or Designated Revenue Agent_
an officer of the Internal Revenue Service. To give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability. Or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws concerning the person identified above for the periods shown.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_(signature)_      Revenue Agent

Signature of IRS officer serving the summons      Title

**Business address and telephone number of IRS officer before whom you are to appear:**

556 S Paseo Dorotea Suite 1 Palm Springs California 92264

**Place and time for appearance at** 556 S Paseo Dorotea Suite 1 Palm Springs California 92264

## IRS

on the ___16th___ day of ___April___ at ___10:30___ o'clock ___a.___ m.

Issued under authority of the Internal Revenue Code this ___2nd___ day of ___April___ _(year)_ ___2012___ _(year)_

_(signature)_

Signature of issuing officer      Internal Revenue Agent      Title

_(signature)_

Signature of approving officer (if applicable)      Group Manager ~      Title

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 05-2001)
Catalog Number 21405J

Part A - to be given to person summoned

# Notice to Third Party Recipient of IRS Summons

As a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is $8.50 an hour or fraction of an hour and is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies; however, personnel time for computer search may be paid for only at the Internal Revenue Service rate specified above.

The rate for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material is 20 cents for each page. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, your should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.



**IRS**

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 2039 (Rev. 05-2001)
Catalog Number 21405J

Part B — to be given to person summoned



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| 04/02/2012 | 3:30 P.M. |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☒ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☒ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: 42 478 E Veldt Rancho Mirage, California 92270

| Signature | Title |
|-----------|-------|
| Dennis P. Kirsch III | Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: April 2, 2012          Time: 3:30 P.M.

Name of Noticee: Brigitte L La Monte

Address of Noticee (if mailed): ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☒ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
| Dennis P. Kirsch III | Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|  |  |

Geier Exhibit 2



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
3018 FEDERAL BUILDING
300 N. LOS ANGELES STREET
LOS ANGELES, CALIFORNIA 90012
(213) 894-3027
FAX: (213) 894-6548

OFFICE OF THE CHIEF COUNSEL

APR 2 6 2012

CC:SB:8:LA:3:PAParrett
GL-117061-12

**Via Regular Mail and Certified Mail**

Brigitte L. La Monte

Dear Ms. La Monte:

The Small Business/Self-Employed California Area of the Internal Revenue Service has notified our office that you did not comply with the provisions of the summons served on you on April 2, 2012.  Under the terms of the summons, you were required to appear before Revenue Agent Fotini Geier on April 16, 2012.

Legal proceedings may be brought against you in the United States District Court for not complying with this summons.  To avoid such proceedings, you are to appear before Revenue Agent:

        Name:     Fotini Geier
        Date:      Wednesday June 6, 2012
        Time:      9:00 am
  Address:   300 N. Los Angeles Street
               3rd Floor, Conference Room D
               Los Angeles, California 90012

Please note that the location of your appointment has changed.  If you have any questions, please contact Revenue Agent Fotini Geier at (213) 576-4588.

               Sincerely,

               KATHERINE H. ANKENY
               Associate Area Counsel
               (Small Business/Self-Employed)

By:                            
               Priscilla A. Parrett
               Attorney (Los Angeles, Group 3)
               (Small Business/Self-Employed)

Geier Exhibit 3

**Internal Revenue Service**
P.O. Box 532031
Los Angeles, CA 90053-2031

Official Business
Penalty for Private Use, $300

CERTIFIED MAIL

7009 2820 0000 9243 8507

US OFFICIAL MAIL
$300 Penalty
For Private Use

$06.200

US POSTAGE

RECEIVED
2012 MAY 23 AM 8:22
IRS, CHIEF COUNSEL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Brigitte L. La Monte

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004

NIXIE

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

## DECLARATION IN SUPPORT OF PETITION TO ENFORCE
## INTERNAL REVENUE SERVICE SUMMONS

I, George P. Krickl, III, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.     My name as used and signed in the summons and this Declaration is not a pseudonym.

2.     I am over eighteen years of age, and I am not a party to the government's federal court case to enforce the subject summons.

3.     I am employed as a Revenue Agent of the Internal Revenue Service ("IRS" and "Service"), with a post of duty in Palm Springs, California.  I am authorized to issue IRS summonses under the authority of § 7602 of Title 26 of the United States Code ("U.S.C.") the Internal Revenue Code ("IRC" and "the Code").  *See* Treas. Reg., § 301.7602-1 (26 C.F.R.); *see also* IRS Delegation Order No. 4 (as revised).

4.     As a Revenue Agent, my duties include the examination and investigation of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayer's correct tax liability, and in cases where the required returns are not filed, I also assist the IRS in investigating whether such returns should have been filed and determining the taxpayer's correct tax liability.

5.     In my capacity as a Revenue Agent, I issued the summons to Brigitte L. La Monte (the "taxpayer") for taxable periods ended December 31, 2006, December 31 2007, and December 31, 2008 (also known as the tax years 2006, 2007 and 2008), which federal tax liabilities are hereinafter collectively referred to as "the tax periods at issue."  I issued this summons on behalf of Revenue Agent Fotini Geier who is conducting an investigation

in to the federal tax liabilities of the taxpayer for tax years 2006, 2007 and 2008.

6.     On April 2, 2012, in furtherance of the above-referenced investigation and in accordance with 26 U.S.C. § 7602, I issued an administrative summons, IRS Form 6637, to Brigitte L. La Monte ("summoned party" and "Respondent") to appear on April 16, 2012, before the IRS to give testimony as described in the IRS summons.  A true and correct copy of the summons is attached hereto as **Exhibit 1,** redacted to exclude Personal Identifiers.

7.     On April 2, 2012, in accordance with 26 U.S.C. § 7603, I served an attested duplicate original copy of the IRS summons described in the immediately preceding paragraph on the summoned party, which I accomplished by leaving a duplicate original copy of the summons, which contained the attestation required by 26 U.S.C. § 7603, at the last and usual place of abode of Brigitte L. La Monte, the person to whom it was directed.  I left the copy of the summons in a sealed envelope addressed to the summoned party, taped to the front door.  A true and correct copy of the certificate of service with respect to the summons is attached hereto as **Exhibit 2**, redacted to exclude Personal Identifiers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   07/09/2012

George P. Krickl, III
Revenue Agent
Internal Revenue Service

# Summons

| | |
|---|---|
| In the matter of | tax liabilities of Brigitte L La Monte |
| Internal Revenue Service (Division): | Small Business / Self-employed Division |
| Industry/Area (name or number): | California Area 7, Los Angeles Territory 1 |
| Periods: | December 31, 2006, December 31, 2007 and December 31, 2008 |

### The Commissioner of Internal Revenue

To: Brigitte L La Monte

At: ~~_____~~

You are hereby summoned and required to appear before **Revenue Agent Fotini Geier or Designated Revenue Agent**
an officer of the Internal Revenue Service. To give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability. Or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws concerning the person identified above for the periods shown.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

556 S Paseo Dorotea Suite 1 Palm Springs California 92264

**Place and time for appearance at** 556 S Paseo Dorotea Suite 1 Palm Springs California 92264

**IRS**

on the ___16th___ day of ___April___ at ___10:30___ o'clock ___a.___ m.

Issued under authority of the Internal Revenue Code this ___2nd___ day of ___April___, ___2012___
                                                  (year)                      (year)

Department of the Treasury
Internal Revenue Service
**www.irs.gov**

Form 2039 (Rev. 05-2001)
Catalog Number 21405J

_____    Internal Revenue Agent
Signature of issuing officer                  Title

_____    Group Manager -
Signature of approving officer (if applicable)      Title

**Original** — to be kept by IRS

Krickl Exhibit 1

# Summons

In the matter of _tax liabilities of Brigitte L La Monte_

Internal Revenue Service (Division): _Small Business / Self-employed Division_

Industry/Area (name or number): _California Area 7, Los Angeles Territory 1_

Periods: _December 31, 2006, December 31, 2007 and December 31, 2008_

## The Commissioner of Internal Revenue

To: _Brigitte L La Monte_

At: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

You are hereby summoned and required to appear before _Revenue Agent Fotini Geier or Designated Revenue Agent_ an officer of the Internal Revenue Service. To give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability. Or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws concerning the person identified above for the periods shown.

---

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_[signature]_                                    _Revenue Agent_

Signature of IRS officer serving the summons                Title

**Business address and telephone number of IRS officer before whom you are to appear:**

_556 S Paseo Dorotea Suite 1 Palm Springs California 92264_

Place and time for appearance at _556 S Paseo Dorotea Suite 1 Palm Springs California 92264_

# IRS

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 2039 (Rev. 05-2001)
Catalog Number 21405J

on the _16th_ day of _April_ at _10:30_ o'clock _a._ m.

Issued under authority of the Internal Revenue Code this _2nd_ (year) day of _April_ _2012_ (year)

_[signature]_                                    _Internal Revenue Agent_

Signature of issuing officer                Title

_[signature]_                                    _Group Manager -_

Signature of approving officer (if applicable)                Title

Part A - to be given to person summoned

# Notice to Third Party Recipient of IRS Summons

As a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is $8.50 an hour or fraction of an hour and is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies; however, personnel time for computer search may be paid for only at the Internal Revenue Service rate specified above.

The rate for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material is 20 cents for each page. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, your should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.



**IRS**

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 2039 (Rev. 05-2001)
Catalog Number 21405J

Part B — to be given to person summoned



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date 04/02/2012 | Time 3:30 P.M. |
|---|---|

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☒ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): *

3. ☒ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: 42 478 E Veldt Rancho Mirage, California 92270

| Signature [signature] | Title Revenue Agent |
|---|---|

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: April 2, 2012     Time: 3:30 P.M.

Name of Noticee: Brigitte L La Monte

Address of Noticee (if mailed): [redacted]

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☒ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature [signature] | Title Revenue Agent |
|---|---|

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|

Form **2039** (Rev. 05-2001)

Krickl Exhibit 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV12- 6809 SVW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>UNITED STATES OF AMERICA | DEFENDANTS<br>BRIGITTE L. LA MONTE |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>United States Attorney Office, VALERIE L. MAKAREWICZ, AUSA<br>300 N. Los Angeles St., Room 7211, Los Angeles, CA 90012<br>Tel: (213) 894-2729  Fax: (213) 894-0115 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
26 U.S.C. SECTIONS 7402 (b) and 7604 (a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**CV12- 06809**

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____　Date 8/7/2012

　　**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |